UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| EDWARD WILLIAMS, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | No.: 3:17-CV-034-HSM-HBG |
| SHAWN PHILLIPS, | ) ) ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

This is a pro se prisoner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 On April 18, 2018, the Court entered an order providing that Petitioner would have twenty days from the date of entry of that order to return signed copies of his motion for leave to proceed *in forma pauperis* and petition, as well as the documents required to proceed *in forma pauperis* [Doc. 4]. More than twenty-three[1] days have passed and Petitioner has not complied with this order or otherwise communicated with the Court. Accordingly, for the reasons set forth below, this matter will be **DISMISSED** due to Petitioner's failure to prosecute and failure to comply with the Court's orders.

Rule 41(b) of the Federal Rule of Civil Procedure gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). The Court considers four factors when considering dismissal under Fed. R. Civ. P. 41(b):

---

[1] Service of the Court's previous order was made by mail pursuant to Rule 5(b)(2)(C) of the Federal Rules of Civil Procedure. Accordingly, Petitioner had an additional three days to respond to the order. Fed. R. Civ. P. 6(d).

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Petitioner's failure to respond to or comply with the Court's previous order is due to Petitioner's willfulness and/or fault. Specifically, the Court's search for Petitioner on the felony offender website for the Tennessee Department of Correction (https://apps.tn.gov/foil-app/search.jsp) establishes that Petitioner is still incarcerated in Morgan County Correctional Complex, which is the last address Petitioner provided to the Court [Doc. 1 p. 12]. Thus, it appears that Petitioner received the Court's order and decided not to respond thereto.

As to the second factor, the Court finds that Petitioner's failure to comply with the Court's order has not prejudiced Respondent.

As to the third factor, the Court warned Petitioner that the Court would dismiss the case and strike the petition and motion for leave to proceed *in forma pauperis* if Petitioner did not timely comply with the Court's previous order [Doc. 4 p. 2].

Finally, as to the fourth factor, the Court finds that alternative sanctions would not be effective. Petitioner was a prisoner who sought leave to proceed *in forma pauperis* in this matter [Doc. 2] and Petitioner has not pursued this action since filing his petition [Doc. 1] more than a year ago.

For the reasons set forth above, the Court concludes that the relevant factors weigh in favor of dismissal of this action pursuant to Rule 41(b). *White v. City of Grand Rapids*, No. 01-229234,

34 F. App'x 210, 211, 2002 WL 926998, at *1 (6th Cir. May 7, 2002) (finding that a pro se prisoner's complaint "was subject to dismissal for want of prosecution because he failed to keep the district court apprised of his current address"); *Jourdan v. Jabe,* 951 F.2d 108 (6th Cir. 1991). Accordingly, this action will be **DISMISSED** for want of prosecution pursuant to Rule 41(b) and the Clerk will be **DIRECTED to STRIKE** both Petitioner's unsigned petition [Doc. 1] and unsigned motion for leave to proceed *in forma pauperis* [Doc. 2].

The Court must now consider whether to issue a certificate of appealability ("COA"), should Petitioner file a notice of appeal. Under 28 U.S.C. § 2253(a) and (c), a petitioner may appeal a final order in a habeas proceeding only if he is issued a COA, and a COA may only be issued where a Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on a procedural basis without reaching the underlying claim, a COA should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court finds that jurists of reason would not debate the Court's finding that Petitioner did not comply with the Court's previous order.

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**E N T E R:**

                                          */s/ Harry S. Mattice, Jr.*
                                          HARRY S. MATTICE, JR.
                                          UNITED STATES DISTRICT JUDGE